# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MANETIRONY CLERVRAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:20-CV-555-SRC |
| | ) |
| MICHAEL POMPEO, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the submission of a document titled "Motion for Supplemental Injustice Adversely Affected ['The Ants'] and for Related Matter for Justification Act ('TAJA')," filed by self-represented plaintiff Manetirony Clervrain. ECF No. 1. Plaintiff has neither paid the court filing fee nor filed a motion to proceed *in forma pauperis* in this matter.[1] For the reasons discussed below, the Court will give plaintiff twenty-one (21) days to pay the $400 filing fee in this matter or this case will be dismissed without prejudice.

Plaintiff, currently incarcerated at the Moore Detention Center in Okmulgee, Oklahoma, is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain *in forma pauperis* status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility,

---

[1] Plaintiff includes in his 170-page attachment to his motion a document titled a "Certificate of Authorized Prison Official," indicating that plaintiff has no money. *See* ECF No. 1-1 at 2. However, this document was addressed to the Supreme Court of the United States and appears to be a copy of a filing from another case. The Court does not construe this document as a pending motion before this Court.

Plaintiff has also included a separate 17-page "Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis," (ECF No. 2) in which he states he has no assets. Again, this document is titled for an appellate court, contains impertinent material, and seems drafted for another case. To the extent this document could be construed as a pending motion before the Court, it will be denied.

> brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

A review of court records reveals that plaintiff frequently files federal lawsuits and that he has three strikes under 28 U.S.C. § 1915(g). In 2018, one court concluded that "[s]ince entering the federal prison system in 2011, Mr. Clervrain has filed more than thirty cases in various federal courts across the country." *Clervrain v. Revell*, No. 18-3166-SAC, 2018 WL 5281366, at *1 (D. Kan. Oct. 24, 2018) (citation omitted). Multiple district courts have denied plaintiff Manetirony Clervrain *in forma pauperis* status, under 28 U.S.C. § 1915(g), finding that he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. *See Clervrain v. Brownback*, No. 5:19-CV-3040-SAC, ECF No. 5 (D. Kan. order filed May 8, 2019) (collecting cases); *Clervrain v. Holder*, No. 1:19-CV-890-UNA, ECF No. 51 (D.D.C. order filed Jan. 28, 2020); *Clervrain v. Samuel, Jr.*, No. 1:19-CV-468, ECF No. 48 (D.D.C. order filed Mar. 13, 2019) (collecting cases). Therefore, this Court would be unable to permit plaintiff to proceed *in forma pauperis* in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The details of plaintiff's "Motion" complaint are difficult to decipher. Like the "Motion" filed in the instant case, plaintiff has a history of filing motions with various courts which "contain a lot of legal labels but their few factual assertions are not sufficient to determine whether Clervrain has alleged a plausible claim for relief." *Clervrain v. Coraway*, No. 3:18-cv-819-G-BN, at 3 (N.D. Tex. Nov. 9, 2018). Based on the Court's examination of the "Motion" filed here, there are no

allegations that would support the finding that plaintiff was under imminent danger of serious physical injury at the time of filing.

As a result, it would be futile to allow plaintiff the opportunity to file a motion for leave to proceed *in forma pauperis* in this case, because the Court would be unable to grant it. The Court will therefore direct plaintiff to pay the $400 filing fee within the prescribed time, if he would like this case to proceed. Without payment of the filing fee, the Court must dismiss this action without prejudice. *See Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012) ("If a prisoner is ineligible to proceed under § 1915, then he may still file an action or appeal, but he must pay the full filing fee up front or suffer dismissal.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff must pay the $400 filing fee within **twenty-one (21) days** of the date of this Order.

**IT IS FURTHER ORDERED** that to the extent plaintiff's document titled "Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis" could be deemed a motion to proceed in forma pauperis, the motion will be **DENIED**. [ECF No. 2]

**Plaintiff's failure to timely comply with this Order will result in the dismissal of this action, without prejudice and without further notice.**

Dated this 24th day of April, 2020.

_SL R. CR_

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

3