**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MANETIRONY CLERVRAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 4:20-CV-555-SRC |
| ) | |
| MICHAEL POMPEO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a letter from self-represented plaintiff Manetirony Clervrain.  *See* ECF No. 5.  On April 24, 2020, the Court found plaintiff to be a three-striker under 28 U.S.C. § 1915(g), and not under imminent danger of serious physical injury.  As a result, the Court directed plaintiff to pay the full filing fee.

In response, plaintiff filed a motion to proceed *in forma pauperis* and a letter that appears to be "requesting a 45 day extension to prove that 28 U.S.C. § 1915(g) does not apply to him because he is in Immigration and Customs Enforcement (ICE) custody."  In the interest of judicial economy and for the reasons discussed below, the Court will grant plaintiff's motion to proceed *in forma pauperis*, deny his motion for an extension of time as moot, and dismiss this case for improper venue and failure to state a claim.

### Background

This Court discussed plaintiff's status as an ICE detainee and his extensive record of frivolous filings in its recent decision in *Clervrain v. Schimel*, No. 4:20-CV-538-SRC, ECF No. 6 at 1-4 (E.D. Mo. Jun. 9, 2020).  For purposes of this companion case, the Court will simply incorporate that discussion by reference here.  *See id.*  Because plaintiff was an immigration

detainee when he filed this suit, and not necessarily a "prisoner" under § 1915(g), the Court will not rely on the three-strike provision of § 1915(g). Instead, the Court will grant plaintiff's motion to proceed *in forma pauperis* and conduct its initial review of plaintiff's complaint under 28 U.S.C. § 1915(e).

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts

which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff's brings this action by filing a 53-page "Motion for Supplemental Injustice Adversely Affected ["The Ants"], and for ["Related Mater(s)"] for Justification Act ("TAJA")."[1] Attached to the Motion are 170 pages of exhibits. The complaint is indecipherable, although it seems to discuss issues of apartheid, genocide, terrorism, the Vienna Convention, and mass deportation. The complaint does not mention defendant Michael Pompeo, but does mention Dr. Martin Luther King, Jr., Nelson Mandela, and Abraham Lincoln. The Court cannot determine what causes of action are being alleged or what relief is sought. The complaint concludes, in part:

> **WHEREFORE**, that conclusion allowed us to avoid another, more categorical question and is thus dependent upon the specific facts of the cases by declaring that the ("INA"), ("PLRA") ("FOIA") ("IRC") ("MSSA") ("CJA") are so punitive without the due process, and demanding for ["*General damages*"] while the proceeding in this cases across the county to prove that there several ["*ambiguities*"] within those laws that are promoting ["*Mass deportation*"] against those with evidence of ["*Patriotism value*"] then to be excluded from ["*Bureaucracy practice*"] that benefited privatization, and they must be excluded from removal [*sic*] proceeding, and for the issuance of Enacting; ["*The Ant Justification Act*"] ["*TAJA*"] in conjunction with ["*Nationality Choice Act*"] ("NCA") and for their ratification into the ["*The Ant Punitive Act*"] ("RPA") or ["*The ANT ACT*"] or, and for the court to compel the agencies to release all of their management, since 2011 Regardless if States or Federal Across the country by anticipating in crimes against humanity by which the plaintiff is suffered injuries or is a matter of fact, and all those cases are part of the same controversies being alleged for the various statues that are conflicting or whether contains the various ["*ambiguities*"] that effecting him an[d] his family while in custody . . . .

---

[1] All internal brackets are in the original. Plaintiff makes prolific use of brackets, bold type, italics, and underlining.

3

**Discussion**

*I.     Improper Venue*

Plaintiff has alleged no basis upon which to conclude venue lies in this Court.  Under 28 U.S.C. § 1391(b), a civil action may be brought in:  (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.  If venue is improper, the Court must either dismiss the action or, if it is in the interest of justice, transfer the action to the proper district.  28 U.S.C. § 1406(a).

Plaintiff has provided no factual allegations concerning defendant Michael Pompeo.  Mr. Pompeo's name is listed as a defendant in the caption of the suit, but he is not mentioned whatsoever in the body of the complaint.  Plaintiff has not pleaded defendant's state of residence nor where any acts or omissions giving rise to the claim occurred.  Plaintiff has met none of the requirements of § 1391 and venue is therefore improper.  As such, this Court may either dismiss the action or, in the interest of justice, transfer the case to the district in which it could have been brought.  Because this case is also subject to dismissal for failure to state a claim, it is not in the interest of justice to transfer the case to an appropriate venue.  The court will dismiss this action for improper venue.

*II.    Failure to State a Claim*

Although the Court is to construe plaintiff's complaint liberally on initial review, plaintiff has alleged no facts from which the Court to construe any claim for relief.  Plaintiff's complaint

4

does not contain any well-pleaded facts that demonstrate any plausible claims for relief against defendant.

Because this judicial district is not the proper venue for this suit and because the allegations of the complaint fail to state a claim upon which relief may be granted, the case will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that self-represented plaintiff Manetirony Clervrain's motion for leave to proceed *in forma pauperis* is **GRANTED**, and the filing fee is waived.

**IT IS FURTHER ORDERED** that plaintiff's letter to the Court, construed as a motion for forty-five (45) days to show cause as to why the three strikes provision of 28 U.S.C. § 1915(g) does not apply to him, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for improper venue and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1406(a); 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's (1) "Motion for Marshall Service Against Unreasonable Restrictions by the Vacatur Illegal Contracts Massive Act ("VICMA")," (2) "Motion for Evidence Feature as ["*Related Matters*"] by Controversy to Invoke the Immigration Reform Comprehensive Act ("IRCA")," and (3) "Motion for Opposition(s) and Supplemental Jurisdiction by the Immigration Reform Comprehensive Act ("IRCA")" are **DENIED as moot.** [ECF Nos. 6, 7, and 8]

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th day of August, 2020.

*SLR.CR*

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE