UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MANETIRONY CLERVRAIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-CV-00555-SRC |
| MICHAEL POMPEO, | ) ) ) |
| Defendant. | ) |

### Memorandum and Order

This closed case is before the court on self-represented plaintiff Manetirony Clervrain's following motions: (1) "Motion for ['*Unreasonable Classification*'] by Compelling and Performance Movements on Crimes Mitigating Act ('MOCMA')," (2) "Motion for Marshal Service Against Unreasonable Restrictions by the Vacatur Illegal Contract(s) Massive Act ('VICMA')," (3) "Motion for Unreasonable ['*Time Frame*'] and to Litigate as Related Matter by the Grievous Educative Control Privacy Act ('GECPA')," and (4) "Motion for Examining Jurisdiction by the Majority Opinion as related Matters by the ANT Generally Act ('TAGA')." Docs. 12-15 (emphasis and brackets in original).[1] For the following reasons, the motions will be denied.

On April 17, 2020, Plaintiff filed a complaint that, although indecipherable, seemed to discuss issues of apartheid, genocide, terrorism, the Vienna Convention, and mass deportation. The complaint did not mention defendant Michael Pompeo. Nor did Plaintiff allege any basis upon which to conclude venue lied in this Court. On August 14, 2020, the Court dismissed this

---

[1] Plaintiff filed similar frivolous motions in a separate closed case before the Court, *Clervrain v. Schimel*, No. 4:20-cv-00538-SRC, Docs. 9-12, 14-15, 19-21. The Court denied all such motions. *See* Docs. 13 and 22.

case for improper venue and failure to state a claim.  Docs. 9-10. Plaintiff did not appeal this dismissal.

Like the Complaint filed in this case and in *Clervrain v. Schimel*, No. 4:20-cv-00538-SRC (E.D. Mo. 2020), and like motions Plaintiff has filed in courts across the country, the post-dismissal motions before the Court are mostly incomprehensible, incoherent, and irrelevant.  For example, in his 182-page "Motion for ['*Unreasonable Classification*'] by Compelling and Performance Movements on Crimes Mitigating Act ('MOCMA'),'' Plaintiff states as follows:

### TREATIE MOVEMENT PROTECTIVE ACT ("TMPA")

**C.**  The first question before us is whether there is, in fact, statutory ambiguity in the interaction between the Special Rule for ["*cancellation of removal*"] such that Congress delegated authority to the agencies to fill a statutory gap [t]here is absolutely ambiguity in the plain reading of the statutes;

1)…..U.S.Citizen……………Vs………...Nationality………………..77(c)(8)
2)…..Kingdom……………...Vs…………Authority…………………..82(c)(3)
3)…..Nations……………….Vs………....Reasoning Powers…………9(c)
4).....Abraham……………….Vs…………Moses……………………..88(d)(1)

. . .

85)….Preserve Me O God…..Vs…………Son of God………………42(B)(1)
86)…..U.S. National…………Vs…………National Status……………81(a)

Doc. 12 at 50-53.

As to the question of proper venue, Plaintiff states on page twenty-seven of his motion,

d)  Of course venue is proper in all of the cases for controversy claims for any courts within their jurisdiction to hear the constitutional claims being alleged against the defendants for their performance;

e)  In other word section 1406(a) does not apply to these cases, because the defense is obvious from its face of the notice, or as factual allegations from the record which is required to be developed;

> 5) within the giving well pleading and explanation to decipher the ambiguities for the courts, would find the interest of justice to entertain his claims by compelling the courts for their actions sua sponte;

Doc. 12 at 27.  Plaintiff's prayer for relief spans seven pages, and seeks relief for claims of apartheid, genocide, crimes against humanity, torture, and cancer.  Doc. 12 at 175-77.

Plaintiff's other motions are similarly incomprehensible and span 110 pages.  *See* docs. 13-15.  For the sake of brevity, the Court will not include quotations from these motions.  Plaintiff's arguments in these motions have no relation to the grounds on which this case was dismissed—improper venue and failure to state a claim.  The motions do not alter this Court's judgment of dismissal for improper venue and failure to state a claim.

Liberally construing the arguments in plaintiff's self-represented motions, the Court assumes plaintiff has filed these motions in an attempt to alter or amend the judgment in this closed case.  Under Federal Rule of Civil Procedure 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment.  Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment.  *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982).  Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact or to present newly discovered evidence.  Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been offered or raised prior to entry of judgment."  *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citations omitted).  Furthermore, district courts have broad discretion in determining whether to grant a Rule 59(e) motion.  *Id*. (citation omitted).

The Court dismissed this case for improper venue and failure to state a claim.  Plaintiff's four pending motions are untimely under Rule 59(e), present no evidence of a manifest error of

law or fact, or any newly-discovered evidence. After reviewing the motions, the Court will decline to alter or amend the judgment of this Court. Plaintiff's four post-judgment motions will be denied.

Finally, as this Court found in *Clervrain v. Schimel*, No. 4:20-CV-538-SRC, Doc. 22 (E.D. Mo. Oct. 23, 2020), Plaintiff has abused the judicial process of this Court and has wasted the Court's limited resources by filing hundreds of pages of repetitious and frivolous post-judgment motions. To prevent further wasting of the Court's resources, the Court will prohibit plaintiff from filing any future documents or motions in this closed case, except for a notice of appeal or appellate documents.

Accordingly, the Court denies Plaintiff's (1) "Motion for ['*Unreasonable Classification*'] by Compelling and Performance Movements on Crimes Mitigating Act ('MOCMA')," (2) "Motion for Marshal Service Against Unreasonable Restrictions by the Vacatur Illegal Contract(s) Massive Act ('VICMA')," (3) "Motion for Unreasonable ['*Time Frame*'] and to Litigate as Related Matter by the Grievous Educative Control Privacy Act ('GECPA')," and (4) "Motion for Examining Jurisdiction by the Majority Opinion as related Matters by the ANT Generally Act ('TAGA')." Docs. 12-15.

The Court further orders that no certificate of appealability shall issue. Plaintiff is prohibited from filing any future documents or motions in this closed case, except for a notice of appeal of appellate documents. Lastly, the Court orders that the Clerk of Court shall not file any motions or documents from Plaintiff with the above case caption, with the exception of a notice of appeal or appellate documents, and shall instead return such motions or documents to Plaintiff.

Dated this 28th day of December, 2020.

_SL R. CR_

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE